**Colin R. WILLIAMS, Petitioner,**

v.

**Richard MOHN, Superintendent, Respondent.**

**Civ. A. No. 78–222–E.**

United States District Court, N. D. West Virginia, Elkins Division.

Dec. 13, 1978.

Colin R. Williams, pro se.

Chauncey H. Browning, Jr., Atty. Gen. for W. Va., Charleston, W. Va., for respondent.

## OPINION

MAXWELL, Chief Judge.

This day the Court, having considered the petition of Colin R. Williams for leave to proceed in forma pauperis, grants such leave and the Clerk of this Court is directed to file the petition of Colin R. Williams for a writ of habeas corpus, without prepayment of fees.

Petitioner in the above styled civil action, who seeks federal habeas corpus relief, is at present incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia. He is serving a sentence of from one to ten years imposed upon him by the Circuit Court of Boone County, West Virginia, following a jury finding of guilty to a charge of voluntary manslaughter.

Petitioner here asserts that the claim he raises in this action was previously presented to the West Virginia Supreme Court of Appeals, satisfying the exhaustion requirement of 28 U.S.C. § 2254(b). The portion of the decision contained in this Order requires no answer on the part of Respondent for decision and the Court will, therefore, accept Petitioner's allegation of exhaustion as true insofar as it concerns State's Instructions Numbered 2, 3, 4, 5, 6, 7, 8 and 9.

Petitioner's claim is that he was denied due process because the trial court gave the jury improper instructions which shifted the burden of proof from the State and placed it on Petitioner. Made a part of the petition are copies of the instructions numbered 2 through 9 that were alleged to have been requested by the State. Instructions numbered 2 through 6 bear notations indicating that they were given to the jury by the trial court, number 7 bears a notation that it was given as modified while numbers 8 and 9 bear notations indicating that they were withdrawn by the State and were not given as jury instructions. These last two instructions are not specifically considered in this decision but the rationale of this decision is equally applicable to them.

The instructions to be considered are:

## STATE'S INSTRUCTION NO. 2

The Court instructs the jury that, in respect to the premeditation required to be proved to make out a case of murder in the first degree, it is not necessary for the State to prove that the design to kill existed for a particular length of time before the killing, but it is sufficient if it should appear that at the moment of inflicting the fatal wound, Colin Williams intended to kill Kenneth Mullins or do him great bodily harm.

## STATE'S INSTRUCTION NO. 3

The Court instructs the jury that where a homicide is proved, the presumption is that it is murder in the second degree, and the burden is on the state to show that it is murder in the first degree; and upon the accused to show that it was without malice, and is, therefore, only manslaughter, or

that he acted lawfully and is therefore not guilty, and in arriving at a verdict in this case, as to the degree of guilty, if any, the jury should take into consideration all the evidence, both for the State and defense.

### STATE'S INSTRUCTION NO. 4

The Court instructs the jury that the "malice aforethought" necessary to constitute the crime of murder may be either expressed or implied. The word "malice" in the foregoing definition of murder is used in a technical sense, and includes not only anger, hatred and revenge, but every unlawful and unjustifiable motive. It is not confined to ill will to any one or more particular persons, but is intended to denote an action flowing from any wicked and corrupt motive, done with an evil mind and purpose and wrongful intention, where the act has been attended with such circumstances as to carry in them the plain indication of a heart regardless of social duty and deliberately bent on mischief; therefore, malice is implied by law from any wilful, deliberate and cruel act against another, however sudden. Thus, on a charge of murder, malice is presumed from the fact of killing, when the killing has been proved and is unaccompanied by circumstances of palliation, and the burden of introducing evidence to rebut such presumption rests upon the accused.

### STATE'S INSTRUCTION NO. 5

The Court instructs the Jury that where one uses a deadly weapon with fatal effect, without any or upon slight provocation, intent, malice and willfulness may be inferred from such act, and if they believe from the evidence in this case beyond a reasonable doubt that the accused, Colin Williams, shot and killed Kenneth Mullins with a deadly weapon, without any or upon slight provocation, then the jury may infer intent, malice and willfulness on the part of Colin Williams from such act.

### STATE'S INSTRUCTION NO. 6

The Court instructs the jury that a man is presumed to intend that which he does or which is the immediate or necessary consequences of his own act, and if the defendant, Colin Williams, with a deadly weapon in his possession, without any or upon very slight provocation, gave Kenneth Mullins a mortal wound, he, the defendant, is prima facie guilty of wilful, deliberate and premeditated killing, and the necessity rests upon him of showing extenuating circumstances and unless he proves such extenuating circumstances, or the circumstances appear from the case made by the State, he is guilty of murder in the first degree.

### STATE'S INSTRUCTION NO. 7

The Court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the prisoner, Colin Williams, shot and killed Kenneth Mullins, and that he, the said Colin Williams relies upon self-defense to excuse him from such act, the burden of showing such excuse is on the defendant, and to avail him, such defense must be proved to the satisfaction of the jury by a preponderance of the evidence, and it must appear from all the evidence and circumstances in the case that, at the time he shot and killed the said Kenneth Mullins, he believed and had reasonable grounds to believe, that he was in imminent danger of death or great bodily harm at the hands of the said Kenneth Mullins and that he shot and killed the said Kenneth Mullins for the purpose of protecting himself from such apparent danger, believing and having reasonable grounds to believe, at the time he shot and killed the said Kenneth Mullins that said shooting and killing was necessary in order to protect himself from death or great bodily harm at the hands of the said Kenneth Mullins.

State's Instruction No. 8 and 9 are omitted.

These instructions were, in many cases, taken from H. Lee, *The Criminal Trial in the Virginias* (2nd Ed. 1940), a work often utilized by trial courts in formulating jury instructions. Several of the suggested instructions in this two volume set and, specifically, many of the instructions in this

action, were rejected prior to or have been rejected since the publication of this work by the West Virginia Supreme Court of Appeals. State's Instruction Number 3 was specifically rejected in *State v. Sauls,* 97 W.Va. 184, 124 S.E. 670 (1924) and *State v. Pendry,* 227 S.E.2d 210 (W.Va.1976), while State's Instruction Number 4 was rejected in *State v. Roush,* 95 W.Va. 132, 120 S.E. 304 (1923). State's Instructions Numbered 5 and 6 are open to serious question in light of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *State v. Pendry,* 227 S.E.2d 210 (W.Va.1976).

However, in reviewing these instructions, it is important to note that Petitioner is not entitled to a trial free from all error but to a fair trial free from prejudice to him. *United States v. Curry,* 512 F.2d 1299 (4th Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975). The instructions numbered 2, 3, 4, 5 and 6 deal with the elements which must be proven to support a murder charge while Petitioner was found guilty of the lesser offense of voluntary manslaughter. These instructions are completely inapplicable to this latter offense and therefore were obviously not applied by the jurors in making their finding. Hence, there could not be any prejudice to Petitioner in the giving of these instructions.

State's Instruction Number 7 presents a different problem, however. An instruction substantially identical to this was rejected by the United States Court of Appeals for the Sixth Circuit in *Berrier v. Egeler,* 583 F.2d 515 (1978). However, in Michigan, in which that case arose, proof of the absence of grounds for self-defense is an element of the crime of murder upon which the prosecution must bear the burden. While the West Virginia cases do not directly address this point, this Court believes it clear that a claim of self-defense raised to a charge of murder is an affirmative defense, consisting of proofs not directly related to any of the elements of the crime. As such, the burden of its proof can properly be placed upon the defendant. See, e. g., *State v. Pendry,* 227 S.E.2d 210 (W.Va.1976). This placement of the burden of proof of an affirmative defense does not violate due process. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Consistent with the foregoing opinion, an order will follow dismissing this civil action.